UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZMAT TSDF, INC., <br>     Plaintiff, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL, et al., <br>     Defendants. | ED CV 22-843 DSF (SHKx) <br><br> Order DENYING Motion to Remand (Dkt. 13) |

    Plaintiff Hazmat TSDF, Inc. (Hazmat) moves for an order remanding this action to the San Bernardino Superior Court based on the doctrine of abstention identified in Younger v. Harris, 401 U.S. 37 (1971). Dkt. 13 (Mot.). Defendant California Department of Toxic Substances Control (DTSC) opposes. Dkt. 15 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Hazmat's motion to remand is DENIED.[1]

## I. BACKGROUND

    On April 8, 2021, Hazmat filed a petition for writ of mandate in San Bernardino County Superior Court and an *ex parte* application for a restraining order preventing DTSC from using its Violation Scoring Procedure (VSP) program to revoke or impose restrictions on Hazmat's permit to accept mixed petroleum and water waste in operation of its hazardous waste transfer, storage, and treatment facility in Rialto,

---

[1] The parties' unopposed requests for judicial notice are GRANTED.

California.  Dkts. 1-1, 13-4 (Kaplan Decl.) ¶ 3.  On April 12, 2021, the state court heard Hazmat's TRO application and DTSC appeared, opposed the request, and agreed not to take action based on Hazmat's 2019 or 2020 VSP scores until the state court heard a regularly-noticed motion for a preliminary injunction.  Id. ¶ 4.  The state court then granted Hazmat's April 16, 2021 motion for preliminary injunction.  Id. ¶ 6.  The court directed the parties to prepare a proposed order, which the parties negotiated; Hazmat lodged the proposed order on May 25, 2021.  Id. ¶¶ 6-7.  On July 30, 2021, the state court entered the preliminary injunction order (Preliminary Injunction and Stay Order), which enjoined DTSC from taking any action based on Hazmat's 2019 or 2020 VSP scores or assignment to the "unacceptable" or "conditionally acceptable" compliance tiers and stayed the operation of the VSP program decisions and actions as to Hazmat.  Dkt. 13-3, Ex. 13.

In June 2021, DTSC sent Hazmat a letter in which it took action with respect to Hazmat's VSP score, including by providing Hazmat with a new 2019 VSP score.  Kaplan Decl. ¶ 10.  On March 22, 2022, the state court found Hazmat had "presented sufficient grounds to initiate a contempt proceeding" against DTSC regarding its violation of the Preliminary Injunction and Stay Order and issued an order to show cause why DTSC should not be adjudged in contempt of that order.  Dkt. 13-3, Ex. 11 (OSC).  The next day, Hazmat served the order on DTSC, and on April 18, the state court arraigned DTSC and ordered: (1) Hazmat must file its trial brief by May 16, 2022; (2) DTSC must file its trial brief by June 16, 2022; (3) Hazmat could submit a written or oral reply on the day of trial; and (4) trial on the order to show cause would commence on July 25, 2022.  Id. Ex. 12 (Notice of Ruling).  On May 16, 2022, Hazmat filed its contempt trial brief.  Kaplan Decl. ¶ 14.

On May 19, DTSC removed the action.  Dkt. 1.  On June 1, the state court entered the following order: "Court having no jurisdiction, due to removal to Federal Court, records this matter as completed without the need to conduct further status conferences unless matter is remanded back to State Court."  Dkt. 15-6.  The court also recorded on the hearing calendar that the order to show cause originally set for

2

hearing on July 25, 2022 was "Cancelled-Vacated." Dkt. 15-7. DTSC did not file a responsive contempt brief in state court. Mot. at 20.

## II. LEGAL STANDARD

Federal courts have a "virtually unflagging obligation" to "exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The policy of abstention rests on notions of comity and "respect for state functions." See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention restrains federal courts from exercising jurisdiction in civil and administrative proceedings that implicate an important state interest. See Ohio C.R. Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 627 (1986). "Abstention is not a jurisdictional doctrine but rather a prudential one, allowing a federal court to refuse to abstain where the state defendant consents to federal jurisdiction." Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 888 (9th Cir. 2011).

A federal court may abstain under Younger in three categories of cases: '(1) parallel, pending state criminal proceedings, (2) state civil proceedings that are akin to criminal prosecutions, and (3) state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts.'" Herrera v. City of Palmdale, 918 F.3d 1037, 1043 (9th Cir. 2019) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014)). These categories were first identified in New Orleans Public Service, Inc. v. Council of New Orleans (NOPSI). Herrera, 918 F.3d at 1043 (citing NOPSI, 491 U.S. 350 (1989)).

"To warrant Younger abstention, a state civil action must fall into one of the NOPSI categories, and must also satisfy a three-part inquiry: the state proceeding must be (1) 'ongoing,' (2) 'implicate important state interests,' and (3) provide 'an adequate opportunity . . . . to raise constitutional challenges.'" Id. at 1044 (citing Middlesex Cnty. Ethics Comm., 457 U.S. at 432). If these requirements are satisfied, a federal court "may abstain under Younger so long as 'the

3

federal action would have the practical effect of enjoining the state proceedings." Id. (citing ReadyLink, 754 F.3d at 759). "Each element must be satisfied, and the date for determining whether Younger applies is the date the federal action is filed." ReadyLink, 754 F.3d at 759 (simplified).

"Both the Supreme Court and [the Ninth Circuit] have repeatedly emphasized . . . that Younger abstention is 'an extraordinary and narrow exception to the general rule that federal courts have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given.'" Rynearson, 903 F.3d at 924 (quoting Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011)).

## III. DISCUSSION

### A. Third NOPSI Category

Hazmat argues this case should be remanded because it falls into the third NOPSI category: "state civil proceedings that implicate a State's interest in enforcing the orders and judgments of its courts.'" Mot. at 21 (citing Herrera, 918 F.3d at 1043). Specifically, Hazmat argues that civil contempt orders satisfy the third NOPSI category. Id. at 22.

"States have important interests in administering certain aspects of their judicial systems." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987). "A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, so long as that system itself affords the opportunity to pursue federal claims within it, is surely an important interest." Juidice v. Vail, 430 U.S. 327, 335 (1977). In Juidice, the Supreme Court held that because the purpose of the federal action was effectively to enjoin the state contempt proceedings, abstention was appropriate. Id. at 338. There, the plaintiff "sought to enjoin, on behalf of a class of judgment debtors, the use of the statutory contempt procedures authorized by New York law and employed by appellant justices on the ground that the procedures

4

leading to imprisonment for contempt of court violated the Fourteenth Amendment to the United States Constitution." Id. at 330.

In Pennzoil, the Supreme Court explained:

> Both Juidice and this case involve challenges to the processes by which the State compels compliance with the judgments of its courts. Not only would federal injunctions in such cases interfere with the execution of state judgments, but they would do so on grounds that challenge the very process by which those judgments were obtained.

Pennzoil, 481 U.S. at 14.

Based on this guidance from the Supreme Court, the Court concludes that Juidice and Pennzoil do not compel abstention when the federal court proceedings do not interfere with the processes involved in the state proceedings. Subsequent cases, albeit with procedural histories different from the instant action, have come to similar conclusions about the Younger abstention doctrine with respect to contempt proceedings. In Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660 (10th Cir. 2020), the Tenth Circuit affirmed the district court's order finding Younger abstention was inapplicable, explaining that while contempt proceedings for violation of a settlement order were ongoing in state court in a separate action that followed removal of the original state court action to federal court, Younger abstention was not necessary because the district court's exercise of jurisdiction did not "operate[] to enjoin or in any way interfere with the state court's ability to pursue contempt proceedings." Id. at 672.

In Potrero Hills Landfill, Inc. v. Cnty. of Solano, 657 F.3d 876, 880 (9th Cir. 2011), the Ninth Circuit reversed the district court's decision to abstain from an action initiated by solid waste and recycling businesses seeking a declaration that a state law was unconstitutional and an injunction blocking its enforcement. Before the federal action was filed, environmental groups had filed mandamus actions in state court seeking injunctive relief to enforce the state law. Id. at 881.

5

Finding that the state had "important interests" in the enforcement of the law, the district court abstained from the federal action. Id. at 881-82. In reversing this decision, the Ninth Circuit explained that "a *private* litigant's interest in seeing such measures enforced . . . does not implicate the principles of comity and federalism with which *Younger* and its progeny are concerned." Id. at 882. The court found that the federal action "challenge[d] neither the authority of state courts to issue such writs nor processes for their enforcement once issued," and Younger abstention was not required. Id. at 887.

If abstention was not warranted in Elna Sefcovic or Potrero Hills despite the existence of concurrent state court actions, then here, where there is no concurrent state court action, abstention also is not warranted. In any event, "[r]emoval under 28 U.S.C. § 1441 simply does not leave behind a pending state proceeding that would permit Younger abstention." Vill. of DePue, Ill. v. Exxon Mobil Corp., 537 F.3d 775, 783 (7th Cir. 2008). Here, removal of this action to federal court did not challenge the process by which the state court compels compliance with its judgments. While the hearing on the order to show cause was vacated in state court, the order requiring DTSC to file its contempt trial brief is still in effect. See 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). The Court finds Younger abstention is not warranted here.

## B. Additional Factors

Even if the third NOPSI category applied here, Hazmat has not shown that all three additional factors favor abstention. Crucially, as to whether the state court action is "ongoing," Hazmat argues "the VSP Program review process and permitting activities are ongoing" and "[o]nly Judge Cohn's Preliminary Injunction and Stay Order has kept the public meeting on hold." Mot. at 23. However, the state court *proceedings* are not ongoing – on removal to this Court, the state court was divested of jurisdiction. Resol. Tr. Corp. v. Bayside Devs., 43 F.3d 1230, 1238 (9th Cir. 1994), as amended (Jan. 20, 1995) ("the clear

6

language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal.").

**C.    Comity**

Hazmat argues in the alternative that the Court should remand this action based on the principles of comity. Mot. at 24. DTSC argues that because Hazmat did not raise this issue in the pre-filing conference pursuant to Local Rule 7-3, the Court should strike Hazmat's comity argument. Opp'n at 12. However, Younger abstention is based on the broader doctrine of comity. Middlesex, 457 U.S. at 431. Hazmat is sufficiently in compliance with Local Rule 7-3. However, Hazmat should have clearly set out its arguments regarding comity during the meet-and-confer, and either party's failure to comply with that Rule in the future will result in sanctions, including that the Court may decline to consider the issue not raised.

The Court briefly considers Hazmat's arguments in favor of abstention based on comity, which are repetitive of those in favor of Younger abstention. Hazmat argues California has an important interest in its contempt process. Mot. at 26. This accords with the Supreme Court's guidance as to contempt proceedings. See Juidice, 430 U.S. at 335. Second, Hazmat argues this Court's exercise of jurisdiction would unduly interfere with the state court proceedings. Mot. at 25. As explained above, however, removal of this action to this Court does not *interfere* with the state court proceedings – it divests the state court of jurisdiction, but the preliminary injunction and order to show cause from the state court are still in effect.

On balance, the Court declines to exercise its discretion to abstain, keeping in mind that abstention is reserved for "extraordinary" cases. Rynearson, 903 F.3d at 924.

## IV. CONCLUSION

Hazmat's motion to remand is DENIED. The parties are ordered to meet and confer and agree on a date for a hearing on the pending

contempt motion. Defendant's brief must be filed no later than two weeks before the date set for the hearing.

   IT IS SO ORDERED.

Date: July 25, 2022                     _____
                                          Dale S. Fischer
                                          United States District Judge